# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| HUNTER L. LEWIS, B/N/F HOBERT L. LEWIS, ET AL., ) ) ) | |
| Plaintiffs, ) ) | Case No. 2:15CV00030 |
| v. ) ) | **OPINION AND ORDER** |
| SCOTT COUNTY PUBLIC SCHOOLS BOARD OF EDUCATION, ET AL., ) ) ) | By: James P. Jones United States District Judge |
| Defendants. ) | |

*K. Jeffrey Luethke, Kingsport, Tennessee, for Plaintiffs; Jim H. Guynn, Jr. and Jennifer D. Royer, Guynn & Wadell, P.C., Salem, Virginia, for Defendants.*

In this disability discrimination case, the defendants, a local Virginia school board and its individual members, the division superintendent of schools, and an assistant principal, have moved for the case to be dismissed. The plaintiffs, a disabled student and his parents,[1] oppose dismissal. For the reasons explained below, I will grant the Motion to Dismiss, but I will grant the plaintiffs leave to file an amended complaint.

---

[1] The parents have filed this action in their individual capacities as well as on behalf of their son.

I.

The following facts are taken from the plaintiff's pleadings originally filed in Virginia state court, which I am bound at this point to accept as true.[2]

Hunter Lewis is a 20-year-old who suffers from neurological conditions that have delayed his cognitive development. On October 31, 2013, he was a student at Gate City High School. At the end of his lunch period that day, he accidentally spilled his lunch tray. Two teachers and one teacher's aide were present for this incident and forced Hunter to clean up the accident by yelling at him and physically directing his movements.

Defendant assistant principal Brent Roberts subsequently entered the cafeteria. The plaintiffs allege that Roberts yelled at Hunter, grabbed him around his neck, pulled him to the floor, and then forced him into a chair. The plaintiffs allege that Hunter was restrained in the chair. Roberts then forced Hunter to his hands and knees to continue the cleanup.

Jason Cox, a school resource officer, then took Hunter to the main office. However, upon arriving at the office door, Hunter did not enter the office, but instead continued down a hallway toward the classrooms. Cox proceeded to physically "take down" Hunter because he did not walk into the office. Roberts

---

[2] The defendants removed the case to this court based on federal question subject-matter jurisdiction. 28 U.S.C. §§ 1331, 1441.

then picked Hunter up from the floor, pulled his hands above his head, and returned him to the office.

The plaintiffs allege that this treatment caused both physical and mental injury to Hunter.

In their suit, the plaintiffs assert that the defendants violated the provisions of the federal Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400. (Mot. J. § X, ECF No. 1-2.) In addition, they assert state causes of action for "common law" negligence. (*Id.* § XI.) The plaintiffs do not allege claims for assault, battery, or other intentional tort against any of the defendants. Instead, they claim that the defendants were negligent in resolving Hunter's behavioral problems.

II.

In their motion, the defendants seek dismissal pursuant to Rules 12(b)(1) & (6) of the Federal Rules of Civil Procedure.[3] "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). Rule 12(b)(6) does "not require heightened fact

---

[3] The defendants argue that I must consider all of the 12(b)(1) arguments before I consider any arguments made under Rule 12(b)(6). However, the defendants have not asserted the kind of Article III subject-matter jurisdiction limitations that I must consider before addressing the plaintiffs' failure to state a claim. *See Constantine v. Rectors & Visitors of George Mason Univ.,* 411 F.3d 474, 481-82 (4th Cir. 2005) (holding that Eleventh Amendment immunity does not limit a federal court's subject-matter jurisdiction).

pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "[I]t does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992). In ruling, the court must regard as true all of the factual allegations contained in the complaint, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), and must view those facts in the light most favorable to the plaintiff, *Christopher v. Harbury,* 536 U.S. 403, 406 (2002).

### III.

#### A. IDEA Claim.

The plaintiffs' sole federal claim is their allegation that the defendants violated the IDEA, thus entitling them to damages. Under the IDEA, all states receiving federal funds for education must provide disabled schoolchildren with a "free appropriate public education." 20 U.S.C. § 1412(a)(1)(A). The IDEA ensures that disabled children receive such an education by providing them and their parents with substantive and procedural rights. *See Emery v. Roanoke City Sch. Bd.,* 432 F.3d 294, 297 (4th Cir. 2005). Chief among the parents' procedural rights is their ability to request "an impartial due process hearing," conducted by a state or local education agency, to challenge their child's educational placement. 20 U.S.C. § 1415(f)(1)(A); *see also Emery,* 432 F.3d at 297.

The IDEA does not provide a cause of action for damages. *See Hall v. Vance Cty. Bd. of Educ.,* 774 F.2d 629, 633 n.3 (4th Cir. 1985) (noting that while the IDEA allows for reimbursement, "it does not create a private cause of action for damages for educational malpractice."); *Sellers v. Sch. Bd. of City of Manassas, Va.*, 141 F.3d 524, 526-28 (4th Cir. 1998). In *Sellers*, the plaintiffs filed suit because their son was not evaluated for learning disabilities after certain test scores should have alerted the school board that he potentially had such disabilities. *Id.* at 526. The parents claimed that this denied their son of a free appropriate public education. *Id*. The Fourth Circuit characterized the claim as being for "unspecified tort-like injuries" and said that "[t]ort-like damages are simply inconsistent with IDEA's statutory scheme." *Id*. at 526-27.

> The touchstone of a traditional tort-like remedy is redress for a broad range of harms associated with personal injury, such as pain and suffering, emotional distress, harm to reputation, or other consequential damages. By contrast, the touchstone of IDEA is the actual provision of a free appropriate public education.
>
> . . .
>
> [T]he [Supreme] Court has never approved an award of compensatory or punitive damages under IDEA for a violation of its requirements. In fact, it took pains to emphasize that reimbursement for appropriate specialized education should not be characterized as damages. Compensatory or punitive damages would transform IDEA into a remedy for pain and suffering, emotional distress, and other consequential damages caused by the lack of a free appropriate public education. Such a result

> would be inconsistent with the structure of the statute, which so strongly favors the provision of and, where appropriate, the restoration of educational rights.

*Id*. at 527 (internal quotation marks, citations, and alteration omitted).

Because the plaintiffs have not set forth a sufficient claim under the IDEA, I will grant the Motion to Dismiss.[4] However, I will grant them leave to file an amended complaint that states a proper cause of action.[5]

> B. Negligence Claims against School Board.

The school board asks that the state law negligence claims against it be dismissed because it is protected from those claims by sovereign immunity. "The doctrine that the State and its governmental agencies, while acting in their governmental capacities, are immune from liability for tortious personal injury negligently inflicted, has long been recognized and applied in Virginia." *Kellam v. Sch. Bd. of Norfolk*, 117 S.E.2d 96, 97 (1960). That immunity applies to school

---

[4] The plaintiffs seek a remedy that is not available under the IDEA, so requiring them to exhaust their IDEA remedies would be futile. *See Reid v. Prince George's Cty. Bd. of Educ.*, 60 F. Supp. 3d 601, 607 (D. Md. 2014) (explaining that the Sixth, Seventh, Ninth, and Tenth Circuits have each declined to require exhaustion of IDEA remedies against plaintiffs seeking monetary damages). Thus, I will not require the plaintiffs to exhaust their IDEA remedies before filing their amended complaint. In doing so, I reject the defendants' argument that failing to exhaust IDEA administrative remedies deprives this court of subject matter jurisdiction. *See id.*; *Doe v. Berkeley Cty. Sch. Dist.*, No. 2:13-CV-3529-PMD, 2015 WL 7722425, at *4 (D.S.C. Nov. 30, 2015) (explaining in an IDEA case that failure to exhaust administrative remedies is an affirmative defense).

[5] For example, the Rehabilitation Act of 1973 may support a disability right of action for damages against an entity receiving federal funding. *See Barnes v. Gorman*, 536 U.S. 181, 184-85 (2002).

boards because they are "public quasi corporations that exercise limited powers and functions of a public nature. . . ." *Id.* at 98. While school board immunity can be abrogated if a statute imposes liability against a school board, *id.*, the plaintiffs have cited to no such statute here. Because the school board is clearly immune from the plaintiffs' state law negligence claim, I will dismiss that claim with prejudice.

### C. Negligence Claims against Individual Defendants.

The plaintiffs also allege that the individual defendants are guilty of "ordinary, gross, common law, and/or statutory" negligence. (Mot. J. § XI, ECF No. 1-2.) However, they have not set forth sufficient facts to support such a negligence claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Accordingly, the negligence claims articulated against the individual defendants are dismissed, without prejudice.[6]

---

[6] The plaintiffs also allege negligent supervision against the school division superintendent. Historically, Virginia has not recognized a claim for negligent supervision. *See Chesapeake & Potomac Tel. Co. of Va. v. Dowdy*, 365 S.E.2d 751, 754

-7-

Case 2:15-cv-00030-JPJ-PMS   Document 38   Filed 04/21/16   Page 7 of 8   Pageid#: 130

III.

For the foregoing reasons, it is **ORDERED** that the defendants' Motion to Dismiss (ECF No. 11) is GRANTED. The plaintiffs are granted leave to file an amended complaint within 21 days of the entry of this Order.

ENTER: April 21, 2016

/s/ James P. Jones
United States District Judge

---

(1988). However, a number of Virginia courts, including some federal courts, have recently allowed negligent supervision claims to proceed past the motion to dismiss stage under a theory that *Dowdy* only applied to the limited facts of that case. *See Cook v. John Hancock Life Ins. Co. (U.S.A)*, No. 7:12-CV-00455, 2015 WL 178108, at *13 (W.D. Va. Jan. 14, 2015).